handed down did not express the full conclusion of the court, and the motion for reargument is granted, in order that a decision may be made which will conform to the conclusions reached, and case set down for Monday, December 15, 1913. See, also, 146 App. Div. 605, 131 N. Y. Supp. 125; 158 App. Div. 950, 143 N. Y. Supp. 1115; 144 N. Y. Supp. 1114.

---

**EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN v. HORACE E. FRICK CO. et al.** (Supreme Court, Appellate Division, Second Department. December 19, 1913.) Action by the Edison Electric Illuminating Company of Brooklyn against the Horace E. Frick Company and others.

PER CURIAM. It is found that the moneys paid by the People's National Bank of Lebanon to the Horace E. Frick Company on the checks of that company were advanced pursuant to agreements made in connection therewith that bills receivable from the Edison Electric Illuminating Company of Brooklyn should be assigned to secure the payment thereof, and that assignments A to G were thereafter made accordingly, and notes given to evidence the loans, although the particular bills assigned were not designated at the time the loans were made. The transactions were not within the Stock Corporation Law (Laws 1909, c. 61 [Consol. Laws 1909, c. 59] § 66) or section 64, c. 185, P. L. 1896, of the statutes of New Jersey. On reargument, judgment modified accordingly, and so as to charge the lienors found to be entitled to the fund with only one-half of the expenses of the reference, and judgment directed against the National Bank of Lebanon for the other half, and, as so modified, affirmed, without costs against the bank, but with one bill of costs and disbursements, except for printing the record, in favor of the Ajax Lead Coating Company, M. Goodwin & Co., the Audley Clark Company, and the Neal & Brinker Company against John V. Lindberg and the National Bridge Works, and without costs against the N. Ryan Company. Settle order before Mr. Justice Thomas. See, also, 144 N. Y. Supp. 1113.

---

**EISEMANN v. HAZARD.** (Supreme Court, Appellate Division, First Department. December 26, 1913.) Action by Frederick F. Eisemann against Florence A. Hazard. No opinion. Motion to dismiss appeal granted, unless appellant comply with terms stated in order. Order filed.

---

**ELDRED, Respondent, v. McCAFFERY, Appellant, et al.** (Supreme Court, Appellate Division, Second Department. November 21, 1913.) Action by Carrie A. Eldred against Catherine McCaffery, impleaded with others.

PER CURIAM. Judgment and order of the County Court of Queens County affirmed, with costs.

BURR and STAPLETON, JJ., dissent.

---

**ELFLEIN et al., Respondents, v. GOETZ, Appellant.** (Supreme Court, Appellate Division, Second Department. December 5, 1913.) Supplementary proceedings by Frederick Elflein and others against David Goetz. No opinion. Appeal dismissed, without costs, as the moving papers do not show that the County Court had jurisdiction of the motion.

---

**ELLERY, Respondent, v. PEOPLE'S BANK OF CITY OF NEW YORK, Appellant.** (Supreme Court, Appellate Division, First Department. December 26, 1913.) Action by Joseph E. Ellery against the People's Bank of the City of New York. H. R. Limburg, of New York City, for appellant. A. G. Hays, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 142 App. Div. 938, 127 N. Y. Supp. 1119.

---

**ELMIGER v. NEW YORK & Q. C. RY. CO.** (Supreme Court, Appellate Division, Second Department. December 5, 1913.) Action by Frederick J. Elmiger against the New York & Queens County Railway Company.

PER CURIAM. Order reversed, and verdict for defendant unanimously reinstated, with costs. Plaintiff was not corroborated as to the alleged violent starting of the car as he was stepping on the rear platform. No one else seems to have seen or felt the "terrific force" which plaintiff described. Mr. Murphy, who had boarded this car upon the same occasion, and may be considered as favorable to plaintiff, a friend and business associate, could only say, "It is so long ago I could not state positively the manner in which this car started after I got on and got my seat." Serious discrepancies in plaintiff's testimony could hardly fail to tell against him with the jury. Their verdict for defendant does not show prejudice or an erroneous estimate of the weight of testimony. Instead, it may be taken as a proper finding that plaintiff had failed to sustain the burden of establishing by the greater weight of evidence the facts necessary for any recovery.

---

**ELY et al., Respondents, v. MACKIE et al., Appellants.** (Supreme Court, Appellate Division, First Department. December 26, 1913.) Action by Chever H. Ely and others against Euphemia R. B. Mackie and others. A. G. N. Vermilya, of New York City, for appellants. H. Swain, of New York City, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

---

**EMPIRE GARAGE CO., Respondent, v. WHITE CO., Appellant.** (Supreme Court, Appellate Division, Second Department. December 31, 1913.) Action by the Empire Garage Company against the White Company. No opinion. Judgment and orders reversed, without costs, on the ground that the judgment entered in the Supreme Court was after a trial in the County Court, which had no jurisdiction to try the case.